IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN HERNANDEZ,<br>　　　　　　Defendant. | CASE NO: **4:24CR3008**<br><br>**ORDER** |

　　　　Before the Court is Defendant's Motion to Modify Conditions of Release. Filing No. 60. The Court held a hearing on this Motion on May 8, 2024 wherein the Plaintiff and Defendant submitted and the Court received the following documents as evidence: Filing Nos. 27, 28, 60, 67, and 68. The Court afforded both parties the opportunity for argument. At the conclusion of the hearing, the Court denied Defendant's Motion. This written order supplements the Court's oral findings.

　　　　There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community because there is probable cause to believe the Defendant committed one or more of the of the following offenses: an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508).

　　　　Based upon the evidence presented and information of record, the Court finds that the defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and other factors discussed below, detention is warranted and Defendant's Motion is denied.

　　　　After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the

defendant must be detained pending trial because the Government has proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required; by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any person and the community; and by clear and convincing evidence that Defendant's release poses a risk of obstruction of justice.

In addition to any findings made on the record at the hearing, the reasons for detention include the following: Defendant has a criminal history of violating the law and court orders; violated conditions of release previously imposed by a court on numerous occasions; has a history of harming or threatening harm to others; is addicted to or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released; was not truthful with pretrial services during his interview, specifically with regard to the last time Defendant used narcotics, and therefore poses a substantial risk of noncompliance with supervision; has limited employment contacts; has failed to appear for court proceedings in the past on numerous occasions; Defendant additionally has a conviction for attempted escape; there is credible evidence before the Court regarding Defendant's attempts to dispose of evidence; and Defendant committed the alleged crime while on bond.

Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

| Date: | 4/23/2024 | Jacqueline M. DeLuca |
|---|---|---|
| | | United States Magistrate Judge |